1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> QUALITY FIRST ELECTRIC, INC., a California corporation, <br><br> Defendant. | CASE NO.: SACV10-00660 CJC (ANx) <br><br> ASSIGNED TO THE HONORABLE CORMAC J. CARNEY <br><br> **[~~PROPOSED~~] FIRST AMENDED JUDGMENT** |

Upon application by plaintiffs herein for a default judgment pursuant to FED. R. CIV. PROC. 55(b), and it appearing to the Court that the default of Quality First Electric, Inc., a California corporation was entered on August 9, 2010 in the office of the Clerk of this Court; and that no proceedings have been taken by the defendant since default was entered, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the plaintiffs, Trustees of the Southern California IBEW-NECA Pension Plan, Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the Los Angeles County Electrical Educational and Training Trust Fund, Trustees of the Southern California IBEW-NECA Labor-Management Cooperation Committee, Trustees of the National IBEW-NECA Labor Management Cooperation Committee, Trustees of the National Electrical Benefit Fund, the Los Angeles Electrical Workers Credit Union, and the Contract Compliance Fund, shall recover from defendant Quality First Electric, Inc., a California corporation ("Quality First"), the principal amount of $57,426.44 (consisting of unpaid fringe benefit contributions of $51,036.84, prejudgment interest of $950.49, liquidated damages of $5,439.11), costs of suit in the amount of $1,867.80, and attorneys' fees in the amount of $16,655.00, together with post-judgment interest as provided by law.

Additionally, pursuant to 29 U.S.C. § 1132(g)(2)(E), Quality First is ordered to produce the following documents to the plaintiffs:

1. All employee time cards, time sheets, payroll records and compensation records maintained in the course of business of Quality First, for the time period from March 1, 2010 through January 31, 2011 ("Requested Time Period").

2. All copies of Employer's Quarterly Federal Tax Returns (Form 941) maintained in the course of business of Quality First, for the Requested Time Period.

3. All copies of all Federal Form W-2 Statements to Employees maintained in the course of business of Quality First, for the Requested Time Period.

4. All copies of all Federal Form W-3 Reconciliation of Income Tax Withheld and Transmittal of W-2 Forms maintained in the course of business of Quality First, for the Requested Time Period.

5. All copies of all Federal Form 1099 Miscellaneous Income Statements and Federal Form 1096 Reconciliation and Transmittal of 1099 Forms maintained in the course of business of Quality First, for the Requested Time Period.

6. All copies of all Employer's Quarterly State of California Tax Returns (DE-6 forms) maintained in the course of business of Quality First, for the Requested Time Period.

7. All cash disbursement journals maintained in the course of business of Quality First, relating to the Requested Time Period.

8. All check registers maintained in the course of business of Quality First, relating to the Requested Time Period.

9. All daily job logs maintained in the course of business of Quality First, relating to the Requested Time Period.

10. All diaries maintained in the course of business of Quality First, relating to the Requested Time Period.

11. All foreman reports maintained in the course of business of Quality First, relating to the Requested Time Period.

12. All inspector logs maintained in the course of business of Quality First, relating to the Requested Time Period.

13. All shift differential logs maintained in the course of business of Quality First, relating to the Requested Time Period.

14. All invoices for materials, labor or services provided to Quality First, relating to the Requested Time Period.

15. All general ledgers maintained in the course of business of Quality First, relating to the Requested Time Period.

16. All canceled checks drawn on any account of Quality First relating to the Requested Time Period.

17. All monthly bank statements of Quality First relating to the Requested Time Period.

18. All written agreements between Quality First and any labor union.

19. All correspondence, including but not limited to any notes or memoranda of communications, between Quality First, and any of the Plaintiffs, their representatives, agents or employees, relating to the Requested Time Period.

20. All correspondence, including but not limited to any notes or memoranda of communications, between Quality First, and any representative, agent or employee of the International Brotherhood of Electrical Workers, Local No. 11, or of any local union of the International Brotherhood of Electrical Workers, relating to the Requested Time Period.

21. All monthly fringe benefit reports and records of payments made to any trust fund other than the Plaintiffs' trust funds for reporting hours and fringe benefits on employees of Quality First, during the Requested Time Period.

22. All employee hour summaries prepared by or on behalf of any employees working for Quality First, during the Requested Time Period.

23. All daily job tickets of Quality First relating to the Requested Time Period.

24. All billings of Quality First relating to the Requested Time Period.

25. All invoices of Quality First relating to the Requested Time Period.

26. All documents submitted by Quality First, to any general contractor or public contracting agency, including but not limited to all certified payrolls for public projects, which documents show the name, type of work, number of hours of work and specific jobsite location with regard to each employee of Quality First, who performed work during the Requested Time Period.

27. All bids prepared by or on behalf of Quality First, during the Requested Time Period.

28. All proposals prepared by or on behalf of Quality First, during the Requested Time Period.

29. All offers prepared by or on behalf of Quality First, during the Requested Time Period.

30. All estimates prepared by or on behalf of Quality First, during the Requested Time Period.

31. All subcontracts entered into between Quality First, and any third party during the Requested Time Period.

32. All job or project lists or charts prepared or used by Quality First, for the Requested Time Period.

33. All listings of accounts receivable of Quality First as of the date of production.

34. All job cost records of Quality First for the Requested Time Period.

35. All workers' compensation insurance forms of Quality First for the Requested Time Period.

36. All records documenting hours and earnings on a job-by-job basis for all jobs performed by Quality First during the Requested Time Period.

37. A written statement of Quality First's bonus policy in effect at any time during the Requested Time Period.

38. All copies of cancelled bonus checks issued on any account of Quality First at any time during the Requested Time Period.

39. Any and all documents that evidence any work performed by any employees of Quality First, for the Requested Time Period, pursuant to the letter of assent to the Inside Wiremen's Agreement signed by Quality First on or about October 6, 2009.

40. All copies of all trust fund monthly contribution reports, for all work performed by Quality First during the time period from March 2010 through the date of production.

DATED: 3/23/11

_____
UNITED STATES DISTRICT JUDGE

Respectfully Submitted By:
LAQUER, URBAN, CLIFFORD & HODGE LLP

By: /s/ Emily Zung Manninger
    Emily Zung Manninger,
    Counsel for Plaintiffs